IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAVID VERDEN WILLIAMS, JR., | ) | CIV. NO. 16-00158 SOM-RLP |
| | ) | CR. NO. 11-00937 SOM |
| Petitioner, | ) | |
| | ) | ORDER REFERRING TO THE NINTH |
| vs. | ) | CIRCUIT DEFENDANT DAVID VERDEN |
| | ) | WILLIAMS'S SECOND MOTION UNDER |
| UNITED STATES OF AMERICA, | ) | 28 U.S.C. § 2255 TO VACATE, |
| | ) | SET ASIDE, OR CORRECT |
| Respondent. | ) | SENTENCE; EXHIBIT A |
| _____ | ) | |

**ORDER REFERRING TO THE NINTH CIRCUIT
DEFENDANT DAVID VERDEN WILLIAMS'S SECOND MOTION
UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Relying on Johnson v. United States, 135 S. Ct. 2551 (2015), and Welch v. United States, 136 S. Ct. 1257 (2016), Defendant David Verden Williams has filed with this court a motion seeking relief under 28 U.S.C. § 2255. Williams has filed two related motions that he asks the court to rule on prior to addressing the merits of the pending § 2255 motion.

First, he asks this court to release him on bail immediately because, he says, his sentence should be shortened under the reasoning in Johnson that invalidated as unconstitutionally vague language in 18 U.S.C. § 924(e)(2)(B), which is part of the Armed Career Criminal Act ("ACCA"). While not sentenced pursuant to the ACCA, Williams was sentenced as a career offender under the United Sentencing Guidelines, which include, at USSG § 4B1.2(a), language identical to the invalidated language in 18 U.S.C. § 924(e)(2)(B).

Second, Williams asks this court to determine that his present § 2255 motion is not a second or successive § 2255 motion such that he must first seek certification of the present § 2255 motion from the Ninth Circuit under 28 U.S.C. § 2255(h). In the alternative, Williams asks this court to refer his present § 2255 motion to the Ninth Circuit under Ninth Circuit Rule 22-3(a) so that the Ninth Circuit can determine whether to provide the requested certification.

This order addresses only the issue of whether Williams must obtain certification of his present § 2255 motion. Determining that he must, this court, by this order, refers the § 2255 motion to the Ninth Circuit, attaching as Exhibit A to this order ECF Nos. 136, 138, and 139, which contain Williams's § 2255 motion filed on April 4, 2016. This court is without jurisdiction to address the bail motion or the § 2255 motion unless the Ninth Circuit provides the necessary certification.

I. **BACKGROUND INFORMATION**

Pursuant to a Memorandum of Plea Agreement, Williams pled guilty to having committed a bank robbery in violation of 18 U.S.C. § 2113(a). See ECF Nos. 68, 69. He was sentenced on October 7, 2013, to 151 months in custody, and judgment was entered on October 11, 2013. See ECF Nos. 77, 79. His sentence reflected a career offender enhancement under the Sentencing

Guidelines, given Williams's prior convictions.  Under USSG § 4B1.1(a):

>   (a)  A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

There is no dispute in this case concerning subsection (1) or subsection (3) of USSG § 4B1.1(a).  The only dispute concerns subsection (2).  That is, the issue raised by Williams is whether the offense of conviction, bank robbery in violation of 18 U.S.C. § 2113(a), is a crime of violence that triggers the guideline enhancement for a career offender.

"Crime of violence" is defined in USSG § 4B1.2(a):

>   (a)  The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that–
>
>       (1)  has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
>       (2)  is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Subsection (1) of the "crime of violence" definition in USSG § 4B1.2(a)(1) is frequently referred to as the "elements clause." The words "is burglary of a dwelling, arson, or extortion, involves use of explosives" in the definition in USSG § 4B1.2(a)(2) are frequently called the "enumerated offenses" clause. The words "or otherwise involves conduct that present a serious potential risk of physical injury to another" in USSG § 4B.1.2(a)(2) are the "residual clause." The "residual clause" in § 4B1.2(a)(2) is identical to the ACCA's "residual clause," which the Supreme Court invalidated in Johnson.

At the time of sentencing, no party raised any challenge to the "residual clause" or to the guideline calculation. In applying the career offender enhancement to Williams, the court, like the parties, did not address whether bank robbery fell under the "elements clause" or the "residual clause." No one articulated any concern that bank robbery might not fall under either clause.

Williams appealed. See ECF No. 80. On July 29, 2014, the Ninth Circuit dismissed the appeal, noting that, in his plea agreement, Williams had waived his right to appeal. See ECF No. 101.

Williams, proceeding pro se, filed his first § 2255 motion on February 25, 2015. See ECF No. 107. The motion was denied by this court on August 12, 2015. See ECF No. 133.

Although Johnson had been decided by the time this court ruled, no Johnson-related claim was before this court in this case, and this court's order did not address Johnson. No appeal was taken from this court's order of August 12, 2015.

Subsequently, the Federal Public Defender's Office was appointed to review cases identified as potentially affected by Johnson. On April 4, 2016, defense counsel filed a new § 2255 motion, challenging Williams's designation as a career offender under the Sentencing Guidelines. See ECF No. 136. As noted earlier, this § 2255 motion was accompanied by a motion seeking release on bail pending a decision on the § 2255 motion, and by a motion seeking this court's ruling that the new § 2255 motion was not a second or successive motion requiring a certification from the Ninth Circuit. See ECF Nos. 137, 138.

**II. ANALYSIS**

    **A. A District Court Lacks Jurisdiction To Address a Second or Successive § 2255 Motion Absent a Circuit Court Certification.**

In passing the Antiterroism and Effective Death Penalty Act ("AEDPA"), Congress imposed "significant limitations on the power of federal courts to award relief to prisoners who file 'second or successive' habeas petitions." United States v. Lopez, 577 F.3d 1053, 1059 (9th Cir. 2009). In 28 U.S.C. § 2255(h), Congress said:

> (h) A second or successive motion must be certified as provided in section 2244 by

>>a panel of the appropriate court of appeals to contain–
>
>>(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>>(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

See also 28 U.S.C. § 2244(b)(3)(A)("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

The Ninth Circuit has defined this limitation as jurisdictional in nature. Thus, in Ezell v. United States, 778 F.3d 762 (9th Cir. 2015), the Ninth Circuit said, "Section 2255(h)(2) creates a jurisdictional bar to the petitioner's claims: 'If the petitioner does not first obtain our authorization, the district court lacks jurisdiction to consider the second or successive application.'" Id. at 765 (quoting Lopez, 577 F.3d at 1061).

Clearly, if Williams's presently pending § 2255 motion is a second or successive motion, this court lacks jurisdiction to address it.

### B. The Pending § 2255 Motion is a Second or Successive Motion.

This is not the first case in the District of Hawaii to raise the question of whether a § 2255 motion based on Johnson, if filed after the denial of a prior § 2255 motion, requires certification by the Ninth Circuit. Judge Helen Gillmor addressed this issue in Rodriques v. United States, 2016 WL 1465328 (D. Haw. Apr. 14, 2016), ruling that the § 2255 motion before her did indeed require Ninth Circuit certification. This court agrees with Judge Gillmor's analysis (although, as explained later in this order, this does not lead this court to take the step Judge Gillmor took of dismissing the § 2255 motion). Furthermore, this court concludes that requiring certification in the present case is consistent with what the Ninth Circuit, like numerous other courts of appeal, has actually done with post-Johnson motions brought under § 2255.

This court turns first to Williams's argument that a § 2255 motion that raises a ground unavailable when his earlier § 2255 motion was filed does not qualify as a second or successive § 2255 motion.[1] Citing United States v. Buenrostro,

---

[1] Recognizing the complexity of the Johnson issue, particularly for a pro se party, and the differing decisions

638 F.3d 720 (9th Cir. 2011), Williams says that "second or successive" is a term of art that does not encompass claims in a motion that, while second in time, raises for the first time matters that were not ripe when the first motion was filed. This court is not persuaded that Buenrostro provides a basis on which Williams may proceed in this court without a Ninth Circuit certification.

In Buenrostro, the defendant brought a second § 2255 motion based on what he said was a newly discovered ineffective assistance of counsel claim. The defendant said that, several months before trial, his lawyer had received a plea offer that would have subjected the defendant to a maximum of 14 years in custody. The lawyer rejected the offer without telling the defendant about it. The defendant was convicted at trial and was sentenced to a mandatory minimum term of life imprisonment. The district court dismissed the motion as an unauthorized second or successive § 2255 motion, given the absence of the required Ninth Circuit certification. The Ninth Circuit affirmed, rejecting the defendant's argument that he should be allowed to proceed in the district court under Rule 60(b) of the Federal Rules of Civil

---

issued by lower courts in the months after Johnson was decided, this court does not rely in the present ruling on the theoretical ability Williams had to seek to amend his original § 2255 motion to add a Johnson claim. Johnson was decided by the Supreme Court on June 26, 2015. This court did not rule on Williams's first § 2255 motion until August 12, 2015.

Procedure. The Ninth Circuit said, "Buenrostro's motion is a § 2255 motion, not a Rule 60(b) motion. To file it, Buenrostro needs our permission. 28 U.S.C. § 2255(h)." Id. at 723. The Ninth Circuit went on to deny certification.

Contrary to the reading of Buenrostro urged by Williams, this court reads the statement in Buenrostro that "Buenrostro needs our permission" as actually requiring a party like Williams to have his § 2255 motion certified by the Ninth Circuit. Although Buenrostro recognized that there are indeed instances in which what looks like a second § 2255 motion has been deemed not to be a § 2255 motion requiring circuit court certification, none of those cases is analogous to the present situation. Recent rulings by the Ninth Circuit and other circuit courts in the very post-Johnson context presented here suggest that certification of second § 2255 motions based on Johnson is indeed required.

This court is aware of two Ninth Circuit post-Johnson rulings authorizing second or successive § 2255 motions. Both orders are unpublished, cursory in nature, and involve agreement by the parties that certification was appropriate. Both cases involved new § 2255 motions raising arguments under Johnson.

In Waits v. United States, No. 15-72596 (9th Cir. Aug. 25, 2015), the order (quoted here in its entirety because it is not readily available to the public) said:

9

> Petitioner's unopposed motion seeking authorization to file a second or successive 28 U.S.C. § 2255 motion in the district court is granted.
>
> The Clerk shall serve this order and the motion directly on the chambers of the Honorable John W. Sedwick.
>
> All other pending motions are denied as moot.
>
> Upon transfer of the motion, the clerk shall close this original action.

Similarly, in <u>Striet v. United States</u>, No. 15-72506 (9th Cir. Aug. 25, 2015), the same Ninth Circuit panel, ruling on a motion brought jointly by the Government and the defendant, said:

> The parties' emergency motion seeking authorization to file a second or successive 28 U.S.C. § 2255 motion in the district court is granted.
>
> The Clerk shall serve this order and the joint emergency application directly on the chambers of the Honorable Thomas S. Zilly.
>
> Upon transfer of the motion, The Clerk shall close this original action.

While these two orders admittedly did not include analysis and, unlike the case before this court, did not address any argument that the certification requirement was inapplicable to post-<u>Johnson</u> second § 2255 motions, this court finds notable the absence of any indication by the Ninth Circuit that the unopposed motions were somehow untoward or unnecessary.

Other circuits that, under the particular circumstances presented by the cases, have either granted or denied certification of second or successive § 2255 motions based on Johnson have similarly made no suggestion that certification requests are unnecessary.  To the contrary, other circuits appear to have assumed that certification was required.  See, e.g., In re Chapman, No. 16-246, (4th Cir. May 3, 2016); In re Encinias, 2016 WL 1719323 (10th Cir. Apr. 29, 2016); In re Robinson, 2016 WL 1583616 (11th Cir. Apr. 19, 2016); Freeman v. United States, No. 15-3687 (2d Cir. Jan. 26, 2016); In re Watkins, 810 F.3d 139 (6th Cir. 2015); Woods v. United States, 805 F.3d 1152 (8th Cir. 2015); Pakala v. United States, 804 F.3d 139 (1st Cir. 2015); United States v. Price, 795 F.3d 731 (7th Cir. 2015).

If this court were to rule that Williams did not need Ninth Circuit certification, this court would be acting contrary to the practice that the Ninth Circuit and other circuits have followed in handling second § 2255 motions raising Johnson issues.  Given the jurisdictional nature of the certification requirement, this court concludes that it must refer Williams's second § 2255 motion to the Ninth Circuit.

This court recognizes that Williams may prefer to start in the district court, where he can simultaneously seek bail. Motions for release on bail have been ruled on by other judges in the District of Hawaii.  Those other judges have not all agreed

as to whether they have the authority to grant bail pending decisions on the merits of post-Johnson motions, but, as far as this judge knows, none of those bail orders has been in the context of a second § 2255 motion.  Because this court lacks jurisdiction over Williams's pending second § 2255 motion and refers the motion to the Ninth Circuit, this court has nothing before it allowing the court to even consider Williams's bail motion.

It is the court's thought that the Ninth Circuit is likely to rule quickly on whether to certify Williams's second § 2255 motion.  AEDPA provides, "The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion."  28 U.S.C. § 2244(b)(3)(D).

This court certainly recognizes that the Ninth Circuit has read the 30-day provision as not mandatory.  In Ezell, the Ninth Circuit, noting that Congress had not set forth any consequence for exceeding the thirty-day period, said, "We agree with the majority of our sister circuits and hold that when a § 2255(h) motion presents a complex issue, we may exceed § 2244(b)(3)(D)'s thirty-day time limit."  778 F.3d at 765. However, the Ninth Circuit is undoubtedly conscious that defendants are nearing the end of the one-year limitation period for filing challenges to their sentences in reliance on Johnson,

which was decided on June 26, 2015.  See 28 U.S.C. § 2255(f)(3) (setting one-year limitation period running from, among other things, "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review").

Indeed, an Eleventh Circuit judge has taken pains to encourage defendants whose certification applications were denied by the Eleventh Circuit before Welch was decided on April 18, 2016, to refile those motions before June 26, 2016.  See Robinson, 2016 WL 1583616, at *2 (Martin, J., concurring) (listing for prisoners' benefit cases in which certification applications were denied pursuant to pre-Welch determination by Eleventh Circuit that Johnson did not apply retroactively).

### C. Referring Williams's Second § 2255 Motion Removes This Matter From This Court, So That This Court is Left with Nothing To Dismiss.

The referral of Williams's second § 2255 motion leaves nothing pending before this court.  The present order disposes of Williams's motion regarding his second or successive motion.  The Clerk of Court is directed to terminate any other pending motion in this case and to close the criminal and related civil cases.

The referral is occurring in accordance with Circuit Rule 22-3(a), which states, "If a second or successive petition or motion, or an application for authorization to file such a

petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals."

Whether the referral should be accompanied by an order of dismissal for lack of jurisdiction is unclear. Judge Gillmor dismissed the action when she referred the second § 2255 motion to the Ninth Circuit in Rodrigues, noting that the dismissal was without prejudice. A referral under Circuit Rule 22-3 was similarly accompanied by dismissal for lack of jurisdiction in Phillips v. Johnson, 2016 WL 922553 (C.D. Cal. Mar. 8, 2016).

On the one hand, dismissal when a court refers a second or successive § 2255 motion appears consistent with the typical dismissal that issues whenever the court grants a motion to dismiss based on a lack of jurisdiction. On the other hand, it could be argued that when the district court refers a matter, the district court is left with nothing to dismiss. Put another way, if the district court dismisses a motion, it has nothing to refer. In referring a matter under Rule 22-3, a district court is sending the matter to the proper court such that, arguably, no dismissal is needed.

The court can think of other examples in which the district court ends its handling cases without dismissing them. For example, if a district court grants a motion to remand a removed case and has before it no motion to dismiss, the district

court may grant the motion to remand based on a lack of jurisdiction and close the federal action without entering an order of dismissal.  While not involving jurisdictional issues, transfers of criminal cases from sentencing courts to other district courts occur routinely during supervised release periods without any dismissal procedure in the originating district courts.

In the context of Rule 22-3, it may make little difference whether a dismissal is ordered or not.  The district court matter can be closed in either event.  If the Ninth Circuit certifies a second § 2255 motion, a case in which dismissal was ordered can be as easily reopened as a case in which dismissal was not ordered.  If the Ninth Circuit decides not to issue a certification, the case in which no dismissal was ordered remains as closed as the case in which dismissal was indeed ordered.

It does, however, occur to this court that dismissal might be viewed as a final order that can only be appealed pursuant to a certificate of appealability under 28 U.S.C. § 2253(c).  See Phillips, 2016 WL 922553, at *3 (declining to issue certificate of appealability).  A mere referral order, by contrast, might more clearly fall outside that category.

In Slack v. McDaniel, 529 U.S. 473, 485 (2000), the Supreme Court noted that when a district court denies a habeas petition on procedural grounds, a defendant is not entitled to

15

the issuance of a certificate of appealability unless he shows that reasonable jurists would find debatable both (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the district court was correct in its procedural ruling.  Given the lack of jurisdiction, this court makes no ruling at all on whether Williams states a valid claim that a constitutional right was denied.  As to the debatability of the procedural ruling, this court could deny a COA on the ground that jurists would not likely debate the need for certification, but the denial of a COA is usually designed to preclude an appeal.  See 28 U.S.C. § 2253(c).  The referral by this court is in aid of obtaining a Ninth Circuit ruling as to whether it will certify Williams's second § 2255 motion, a decision that has built into it a presumed need for certification.

There is an incongruity in a district court's denial of a COA while expressly referring the matter to the Ninth Circuit.  This court therefore decides not to issue a dismissal order.

### III. CONCLUSION

This court refers Williams's second § 2255 motion to the Ninth Circuit pursuant to Circuit Rule 22-3(a) and directs the Clerk of Court to transmit this order with its attached Exhibit A to the Ninth Circuit.  The Clerk of Court is further directed to terminate any motion left pending by this court and

to close both Criminal No. 11-00937 SOM and Civil No. 16-00158 SOM-RLP.

Because this court anticipates relatively quick action by the Ninth Circuit, this court asks the Bureau of Prisons to keep Williams at FDC Honolulu for now, so that, if his motion is certified by the Ninth Circuit, this court can promptly address his bail request.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, May 11, 2016.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

David Verden Williams, Jr. vs. United States of America; CIV. NO. 16-00158 SOM-RLP; CR. NO. 11-00937 SOM; ORDER REFERRING TO THE NINTH CIRCUIT DEFENDANT DAVID VERDEN WILLIAMS'S SECOND MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE; EXHIBIT A